[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs. Christime Senna and Ralph Senna, brought this action against the defendant, Progressive Northwestern Insurance Company. In the first count, the plaintiffs seek uninsured motorist benefits from the defendant. The second count sounds in loss of consortium and the third count alleges that the defendant violated the Connecticut Unfair Insurance Practices Act ("CUIPA"), General Statutes § 38a-8 15, et seq.
The defendant moves to strike the third count of the plaintiffs' complaint on the ground that this count does not state a claim for which relief may be granted. Specifically, the defendant argues that "CUIPA does not afford private litigants a right of action and . . . the allegations which the plaintiffs raise arose from a single claim and are, therefore, insufficient to state a cause of action under CUIPA."
The motion to strike is used to test the legal sufficiency of any pleading. Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985); Practice Book § 10-39 (formerly § 152). The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, or count thereof, to state a claim upon which relief may be granted. See Peter-Michael. Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998); Practice Book § 10-39(a)(1) (formerly § 152(1)).
Count three of the complaint sounds in a violation of CUIPA. "The Connecticut Supreme Court to date has not determined whether CUIPA provides for a private right of action. Superior Court CT Page 4389 decisions have long been divided on the issue." Stabile v. Southern Connecticut Hospital Systems, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326120 (Oct. 31, 1996, Levin, J) (18 Conn. L. Rptr. 157).
Regardless, under General Statutes § 38a-816 (6), "the claimant must allege and prove facts sufficient to show that the insurer was [c]ommitting or performing [certain specified acts] with such frequency as to indicate a general business practice." (Internal quotation marks omitted.) Heyman Associates No. 1 v. InsuranceCo. of Penn., 231 Conn. 756, 796, 653 A.2d 122 (1995). "[C]laims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct." Mead v. Burns,199 Conn. 651, 659, 509 A.2d 11 (1986).
Here, the plaintiffs fail to allege facts showing a general business practice of the defendant. Further, the complaint alleges only a single act of insurance misconduct. Therefore, the defendant's motion to strike the third count of the plaintiffs' complaint is hereby granted.
D'ANDREA, J.